UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KENNY LOHMAN,

                Plaintiff,

v.

OFFICER BOLDMAN,

                Defendant.

Case No. C16-1044-JCC-MAT

REPORT AND RECOMMENDATION

On July 1, 2016, plaintiff Kenny Lohman submitted to this Court for filing a civil rights complaint under 42 U.S.C. § 1983 and an application to proceed with this action *in forma pauperis*. (Dkt. 1.) Plaintiff alleged in his complaint that Officer Boldman, a police officer with the Auburn Police Department, subjected plaintiff to unlawful arrest and to an unlawful search and seizure in May 2016, in violation of his Fourth Amendment rights. (Dkt. 1-1 at 3.) Plaintiff also indicated in his complaint that criminal charges were filed against him as a result of Officer Boldman's alleged unconstitutional conduct, and that he is currently confined pursuant to those charges. (*See id*.) Plaintiff identified Officer Boldman as the lone defendant in this action, and he requested declaratory relief. (*Id*. at 2 and 4.)

REPORT AND RECOMMENDATION
PAGE - 1

1  On July 11, 2016, this Court issued an Order granting plaintiff's application to proceed *in forma pauperis* and his complaint was filed. (Dkts. 3 and 5.) On the same date, this Court issued an Order directing plaintiff to show cause why this action should not be dismissed for failure to state a cognizable ground for relief under § 1983. (Dkt. 4.) The Court explained therein that a § 1983 claim which calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." (*Id*. at 2 (citing *Heck v. Humphrey*, 512 U.S. 477, 489 (1994).) The Court noted that plaintiff's successful pursuit of his civil rights claims against Officer Boldman in this action would necessarily call into question the validity of his current confinement, and that there was nothing in the record to indicate that plaintiff's current confinement had been invalidated in any fashion. (*Id*.)

On August 3, 2016, plaintiff filed a motion to dismiss this action. (Dkt. 6.) Plaintiff indicates in his motion that he mistakenly filed the instant action in this Court and he asks the Court to "please throw this out." (*Id*.) Plaintiff also asks that he not be held responsible for the filing fee given that he didn't mean to file the action here. (*Id*.)

Given that this case is in its earliest stages, and no responsive has yet been filed, dismissal of this action is appropriate under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. However, voluntary dismissal does not relieve plaintiff of the obligation to pay the filing fee. While plaintiff asserts that he didn't mean to file the instant action in this Court, and that he simply made a mistake, the record belies this assertion. Plaintiff submitted both his complaint and his application to proceed *in forma pauperis* on this Court's forms and nothing contained within the forms suggests that these papers were misdirected.

REPORT AND RECOMMENDATION
PAGE - 2

Based on the foregoing, this Court recommends that plaintiff's motion to dismiss be construed as a notice of voluntary dismissal, and that this action be dismissed without prejudice. The Court further recommends that plaintiff's request to be relieved of the obligation to pay the filing fee for this action be denied. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect the right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 9, 2016**.

DATED this  18th  day of August, 2016.

Mary Alice Theiler
United States Magistrate Judge